IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gerald M. Evans, #231967, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>South Carolina Department of )<br>Corrections, Jon Ozmint, Russell )<br>Campbell, )<br>)<br>      Defendants. )<br>_____) | Civil Action No. 6:09-640-TLW-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the plaintiff's motion to dismiss. The plaintiff, a state prisoner proceeding *pro se*, alleges in his complaint that while incarcerated in the South Carolina Department of Corrections ("SCDC") he was injected with a previously-used syringe and thereafter contracted Hepatitis C. He further alleges that he has been denied proper medical care, all in violation of the South Carolina Tort Claims Act. The case was originally filed by the plaintiff in South Carolina state court. On March 12, 2009, the defendants removed the case to federal court, noting that the plaintiff alleged deliberate indifference to his serious medical needs in violation of his constitutional rights.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

    On May 13, 2009, the plaintiff filed a motion to dismiss this matter without prejudice. The plaintiff claims that he does not want to proceed in federal court and that he did not allege any federal claims in his complaint. Thus, he would like to have his complaint

dismissed without prejudice so he can file the same action in state court. In response, the defendants argue that federal court is the proper forum to hear this case, as long as the plaintiff is attempting to assert any federal claims. Therefore, the defendants ask the court to dismiss any federal claims related to this incident with prejudice. The defendants note that this matter has been proceeding in federal court, and defense counsel has been preparing to file a motion for summary judgment, after going to the expense of reviewing the allegations and meeting with individuals to find out about the plaintiff's claims. Accordingly, the defendants argue that it would be prejudicial to them to have this case dismissed without prejudice, and then allow the plaintiff to assert any and all federal claims possibly related to this claim again in state court. The plaintiff argues in his reply brief that he should not be "deprived of litigating future claims in a Federal forum."

As the plaintiff has made clear that he does not wish to proceed on any federal claims, this court recommends that the case be remanded to state court.[1]

                                        s/William M. Catoe
                                        United States Magistrate Judge

June 15, 2009

Greenville, South Carolina

---

[1] The plaintiff is reminded that *res judicata* bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).